Mark E. Merin, State Bar No. 043849
Joshua Kaizuka, State Bar No. 212195
LAW OFFICE OF MARK E. MERIN
2001 P Street, Suite 100
Sacramento, California 95811
Telephone:  (916) 443-6911
Facsimile:  (916) 447-8336

Attorneys for Plaintiffs

DANA McRAE, State Bar No. 142231
County Counsel, County of Santa Cruz
JASON M. HEATH, State Bar No. 180501
Assistant County Counsel
701 Ocean Street, Room 505
Santa Cruz, California 95060
Telephone:  (831) 454-2040
Facsimile:  (831) 454-2115

Attorneys for Defendants

**E-Filed 1/28/09**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS BUTLER on behalf of himself and all those similarly situated;<br><br>    Plaintiff,<br>v.<br><br>SANTA CRUZ COUNTY; SANTA CRUZ COUNTY SHERIFF STEVE ROBBINS, in his Individual and Official Capacities; SANTA CRUZ COUNTY SHERIFF'S DEPUTIES DOES 1 THROUGH 50; and ROES 1 THROUGH 20,<br><br>    Defendants. | Case No. C 07-00941 JF<br><br>[~~PROPOSED~~] ORDER AND JUDGMENT OF DISMISSAL<br><br>**DATE**:   January 16, 2009<br>**TIME**:   9:00 a.m.<br>**CTRM**:  3 (San Jose Division)<br>**JUDGE**:  Hon. Jeremy Fogel |

This matter came on regularly for a Fairness Hearing on January 16, 2009, in Courtroom 3 of the above-entitled Court, San Jose Division, the Honorable Jeremy Fogel presiding.  Plaintiff Class was represented by Class Counsel Mark E. Merin of the Law Office of Mark E. Merin; Defendants were represented by Jason M. Heath of the Santa Cruz County Counsel's Office.

After considering the submissions of the parties, including the Stipulated Motion for Preliminary Approval of Provisional Settlement Class and Settlement of Class Action, together with the extensive exhibits attached thereto; the unopposed Application of Plaintiff's Class Counsel for Award of Attorneys'

1

Fees and Costs; the Joint Submission of the Parties in Support of Final Approval of the Amended Stipulation of Settlement; the arguments of counsel; the submission from the Class Claims Administrator, and the objections to the settlement filed with the Court,

IT IS NOW ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. On July 7, 2008, this Court entered its order preliminarily approving settlement of the above-captioned class action. Since the entry of the Court's Preliminary Order, in accordance with the Amended Stipulation of Settlement as proved to the satisfaction of the Court, the requisite notice of the Settlement, with opt-out and objection information, was published in the <u>Santa Cruz Sentinel</u> on August 14, 21 and 28, 2008, in the <u>San Jose Mercury News</u> on August 14, 21, and 28, 2008, and in the <u>Good Times</u> (a free newspaper) on August 21, 28, and September 4, 2008. The notice of the Settlement and approved claim forms, were posted by First Class Mail to the last-known address of each person in the Settlement Class. Both the published notice and the mailed notice specified that Claim Forms had to be delivered to the Claims Administrator, postmarked no later than December 18, 2008.

2. Both the published and mailed notices specified that any person who chooses to object to the Settlement, either personally or through counsel, and desired to appear at the Fairness Hearing, was required to submit a Notice of Intention to appear, together with written arguments in support of any objection, by December 18, 2008. One (1) written objection was received by counsel and filed with the Court.

3. The Court finds that the Class should be and hereby is certified under Rule 23(a) and Rule 23(b)(3) because it satisfies all of the requirements for certification as recited by the Court in the hearing on the fairness of the settlement on January 16, 2009.

4. The Court is satisfied from all of the memoranda of law, declarations, and exhibits submitted to the Court, that the Stipulation of Settlement is fair, and the Court now finds for the reasons stated on the record at the hearing on January 16, 2009, that the Stipulation of Settlement is fair and finally approves it as such. The Stipulation of Settlement is incorporated herein by this reference as if set out in full.

5. The "Settlement Class" means all of those persons who are members of the following defined classes:

2

**[PROPOSED] ORDER AND JUDGMENT OF DISMISSAL**
*Butler, et al. v. Santa Cruz County, et al.;* USDC, No. Dist., Case No.  C07-00941 JF

a. **PRE-ARRAIGNMENT STRIP SEARCH CLASS:**

The following persons shall be referred to as the "PRE-ARRAIGNMENT STRIP SEARCH CLASS":  (1) All arrestees booked into a Santa Cruz County correctional facility during the Class Period on non-VDW Felony Offenses or non-VDW Misdemeanor Offenses, who were assigned to a housing unit and who underwent one or more STRIP SEARCHES prior to arraignment on the charges on which they were booked excluding:  1) persons who, at the time of such Class Period booking were on parole and, 2) persons who, within the seven (7) years prior to such Class Period booking, had been arrested in SANTA CRUZ COUNTY on two (2) or more occasions on VDW offenses, whether Felony or Misdemeanor Offenses.

b. **POST RELEASE STRIP SEARCH CLASS**:

The following persons shall be referred to as the "POST RELEASE STRIP SEARCH CLASS":  Any person who, during the Class Period, was ordered released by the Court within eight (8) days of his or her booking in any Santa Cruz County correctional facility and was strip searched upon return to a Santa Cruz County correctional facility after the Court ordered that person to be released.

6.  Persons who previously commenced civil litigation challenging the legality of any strip search at the Santa Cruz County jails during the class period and have prevailed, settled or had their complaints denied on their merits, and persons who have given timely notice of their election to be excluded from the Settlement Class are not included in the Settlement Class.

7.  All claims and complaints of the named Representative Plaintiff, together with all persons in the Settlement Class, are now dismissed with prejudice as to all of the Released Persons, defined to include all Defendants, their predecessors, successors, and/or assigns, together with past, present and future officials, employees, representatives, attorneys and/or agents of the County of Santa Cruz.  Claims and complaints of such persons are now forever barred, and all Settlement Class Members are enjoined from asserting against any Released Persons any and all claims which the Settlement Class Members

3

had, have, or may have in the future arising out of the facts alleged in the complaints.

8. Each Released Person is released from the claims which any Settlement Class Member has had or may in the future have against any such Released Persons arising out of the facts in the complaint.

9. This Court explicitly finds that the Stipulation of Settlement, which is now made final by this Judgment, was entered into in good faith, is fair and reasonable, and adequate, and is in the best interest of the Class.  The Court expressly finds the amount of attorney's fees and costs sought to be fair and reasonable and expressly approves payment to class counsel, Mark E. Merin of the Law Office of Mark E. Merin, in the amount of Nine Hundred Fifty Thousand Dollars ($950,000), as and for attorney fees and costs, for the representation of Settlement Class Members herein, to be paid as provided in the Stipulation of Settlement.

10. The Court further explicitly approves payment from the payment fund of a total of Seventy-Five Thousand Dollars ($75,000.00) to be distributed to the Representative Plaintiff, Dennis Butler, as specified in the Amended Stipulation of Settlement.  The Court finds the amount is fair and adequate in view of the damages suffered by the Representative Plaintiff and the efforts he expended in litigating this case in the more than two years from the time the original claim was filed.

11. Claims have been submitted and, in accordance with the claims processing procedure specified in the Stipulation of Settlement, will be reviewed, valued, and paid by the Claims Administrator from funds provided by the Defendants as soon as practicable following the effective date of this Judgment, meaning the date it is entered and becomes final.  Such Judgment will be deemed final only upon the expiration of the time to appeal or, if a notice of appeal is filed in this matter, upon exhaustion of all appeals and petitions for writ of certiorari.

12. The Court reserves continuing and exclusive jurisdiction over the parties in this action, including Defendants and all Settlement Class Members, to administer, supervise, construe and enforce the Settlement in accordance with the terms for the mutual benefit of all of the parties.

\\\
\\\
\\\

4

**[PROPOSED] ORDER AND JUDGMENT OF DISMISSAL**
*Butler, et al. v. Santa Cruz County, et al.;* USDC, No. Dist., Case No.  C07-00941 JF

1  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the complaint in this action be
2  dismissed with prejudice and that judgment be and the same hereby is entered pursuant to the terms of
3  this Order.
4  Dated: __1/28/09_____       _____
                                     HON. JEREMY FOGEL
5                                    Judge, United States District Court
                                     Northern District of California, San Jose Division

5

**[PROPOSED] ORDER AND JUDGMENT OF DISMISSAL**
*Butler, et al. v. Santa Cruz County, et al.;* USDC, No. Dist., Case No. C07-00941 JF